IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, </br></br> Plaintiff, </br></br> vs. </br></br> AARION JENKINS, MARQUES EILAND, SHAWN THOMAS, and JULIO AYALA, </br></br> Defendants. | 8:21-CR-314 </br></br> **MEMORANDUM AND ORDER ON MOTION IN LIMINE** |

    The United States has charged Defendants with conspiracy to distribute and possess with intent to distribute 100 kilograms or more of a mixture and substance containing marijuana, possession with intent to distribute a mixture and substance containing marijuana, and using and maintaining a drug-involved premises.[1] Filing 88 at 1–2. This matter is before the Court on the Government's Motion in Limine, Filing 121, which requests admission of Defendants' prior convictions under Federal Rule of Evidence 404(b). The Government seeks admission of defendant Jenkins's 2018 conviction for delivering, distributing, dispensing, manufacturing, or possession with intent to distribute, deliver, dispense or manufacture marijuana charge; defendant Ayala's 2013 conviction for possessing marijuana; and defendant Eiland's 2014 conviction for possession of K2 or marijuana. In his response, defendant Jenkins concedes that his prior conviction is admissible, but requests that the Court limit the evidence of that conviction and give a limiting instruction to the jury before admitting it. Filing 121 at 1–3. The other defendants have not filed a response to the Government's Motion. For the reasons stated herein, the Court grants the Government's Motion. The Court will also give a limiting instruction to the jury before

---

[1] The using and maintaining a drug-involved premises charge is not made against defendant Julio Ayala. Filing 88 at 2.

1

admitting the evidence of the prior conviction, with the substance of that limiting instruction to be determined at a conference discussing jury instructions.

Under Federal Rule of Evidence 404(b), evidence of a defendant's prior crimes is not admissible solely to prove the defendant's propensity to commit the charged offense, but may be admissible for another purpose, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(1)–(2). Evidence of prior crimes is admissible if "(1) it is relevant to a material issue, (2) it is similar in kind and not overly remote in time to the charged offense, (3) it is supported by sufficient evidence, and (4) its potential prejudice does not substantially outweigh its probative value." *United States v. Shelledy*, 961 F.3d 1014, 1022 (8th Cir. 2020) (quoting *United States v. Ellis*, 817 F.3d 570, 579 (8th Cir. 2016)).

Each of the defendants' prior convictions are for possessing marijuana. The Government argues that these convictions are admissible to show intent, knowledge, motive, and lack of mistake or accident. Filing 118 at 2. Prior drug convictions can be used to show a defendant's knowledge and intent in a drug-distribution case when the defendant makes a general denial or "mere presence" defense. *See United States v. Harry*, 930 F.3d 1000, 1006 (8th Cir. 2019) ("When a defendant raises the issue of mental state, whether by a 'mere presence' defense that specifically challenges the mental element of the government's case or by means of a general denial that forces the government to prove every element of its case, prior bad acts evidence is admissible because mental state is a material issue." (quoting *United States v. Thomas*, 58 F.3d 1318, 1322 (8th Cir. 1995))). A conviction for the possession of a controlled substance is relevant to a defendant's knowledge and intent to commit a drug-distribution offense. *See United States v. Escobar*, 909 F.3d 228, 243 (8th Cir. 2018) (noting that it is "settled" in the Eighth Circuit that the past

possession of "user-quantities of a controlled substance" is relevant "to show knowledge and intent to commit a current charge of conspiracy to distribute drugs"); *United States v. Jackson*, 278 F.3d 769, 771 (8th Cir. 2002) (holding that evidence of prior drug possession is admissible to show knowledge and intent of a defendant "charged with a crime in which intent to distribute drugs is an element").

Here, the Court concludes that the prior convictions involving the possession of marijuana are admissible to prove knowledge and intent in this marijuana-distribution case. *See Escobar*, 909 F.3d at 243; *Jackson*, 278 F.3d at 771. The convictions are similar to the crimes charged in this case as all of them involved the possession of marijuana. *See Shelledy*, 961 F.3d at 1022 (noting, while holding that prior drug offenses were properly admitted under Rule 404(b), that the same drug was at issue in both the prior convictions and the charged offense). The convictions are also not overly remote in time. The Superseding Indictment alleges that the conspiracy to distribute marijuana began no later than October of 2018,[2] which is only five years from the date of the oldest conviction the Government intends to offer. *See Escobar*, 909 F.3d at 242 (stating that a "reasonableness standard" that evaluates the "facts and circumstances of each case" applies to the Rule 404(b) remoteness issue and that there is no "fixed period within which the prior acts must have occurred"); *United States v. Johnson*, 439 F.3d 947, 953 (8th Cir. 2006) (holding that testimony about drug transactions five years before the charged crimes was not too remote); *United States v. Wint*, 974 F.2d 961, 967 (8th Cir. 1992) (holding that a five-year gap between the prior act and charged crime was not too remote). Finally, the potential prejudice of admitting the prior convictions is not substantially outweighed by the potential prejudice to Defendants, given the

---

[2] The remoteness of the prior convictions is measured by the date the alleged conspiracy began. *See Shelledy*, 961 F.3d at 1022 (observing, while analyzing the Rule 404(b) remoteness issue, that the prior convictions "occurred roughly seventeen years before the charged conspiracy began").

prior convictions' similarity to the charged offenses, its ability to prove knowledge and intent, and the fact that they are reasonably close in time to the beginning of the drug-distribution conspiracy in this case. Accordingly, the Government's Motion in Limine is granted.

In his response, defendant Jenkins requests that the Court give a limiting instruction before admitting evidence of the prior convictions to reduce potential prejudice. Jenkins proposes his own limiting instruction, based off the Eighth Circuit model instructions. Filing 121 at 1–2. The Court will grant the request to give a limiting instruction but will defer determining the content of the limiting instruction until trial when the Court can hear from all parties regarding this issue. Accordingly,

IT IS ORDERED that the Government's Motion in Limine, Filing 118, is granted.

Dated this 30th day of January, 2023.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge

4